# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2025

Lyle W. Cayce
Clerk

No. 24-40507
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Timothy Lynn Allen,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:23-CR-427-1

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Timothy Lynn Allen pled guilty to possessing 50 grams or more of a mixture or substance containing methamphetamine and was sentenced to 84 months of imprisonment and five years of supervised release. Before pleading guilty, Allen moved to suppress the evidence seized from his vehicle during a traffic stop. The evidence established that two officers responded

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40507

to a suspicious person call and found Allen asleep in his running car with a busted windshield, and they observed a cigar filled with marijuana on the center console.  Allen argued that he was unlawfully seized when officers opened his car doors because they had not yet smelled the odor of marijuana and simply observed what could have been a legal cigar.

The district court refused to suppress the evidence.  It determined, inter alia, that it was a valid stop pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), because "the totality of the circumstances provided the officers with reasonable suspicion to stop Allen before they opened his car doors" and the stop did not exceed its permissible scope.  Contrary to Allen's assertion on appeal, it was reasonable to believe that the cigar contained marijuana and was therefore contraband. *See United States v. Gomez*, 776 F.2d 542, 548 (5th Cir. 1985).  Allen does not otherwise attack the denial of his motion to suppress.

The district court's judgment is AFFIRMED.